[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE
Defendant has moved to strike the first count of plaintiff's complaint on the ground that it does not set forth a cause of action under the Connecticut Unfair Trade Practices Act (CUTPA). The complaint is for an amount claimed to be due and owing on a specific contract and for an amount alleged to have been wrongfully "backcharged" on an open account between the parties. At issue is the language of paragraph 19 of the first count which, as amended, reads as follows:
 19. At all times pertinent hereto, the defendant has engaged in unfair and/or deceptive acts and practices prohibited by Section 42-110b of the Connecticut General Statutes in that, among other things:
 a) The defendant has wrongfully, arbitrarily, and allegedly backcharged the plaintiff for the sum of Eleven Thousand Four Hundred Fourteen and 75/100 as set out in Paragraph 12 above; and
 b) The defendant knowingly, wrongfully, maliciously and unfairly has withheld contract payments and/or payments for work performed pursuant to its agreement with plaintiff knowing that the plaintiff is in no way responsible for OMEGA's refusal to accept the "deals" described above, and CT Page 4334 well-knowing that such failure to accept is solely and completely occasioned by defendant's own failures to perform, defendant's inadequate and incompetent work and defendant's numerous breaches of its agreement with plaintiff, all as set out in(sic) above.
 c) The defendant knowingly, wrongfully, deliberately and maliciously billed plaintiff the sum of $11,414.75 without cause or reason, well-knowing it had no legal excuse, cause, or justification therefor, and deducted said amount from the open account between plaintiff and defendant; said charge taken by defendant against said open account was false and fraudulent, and defendant knew it to be so.
A motion to strike challenges the legal sufficiency of a complaint. Practice Book Section 152; Mingachos v. C.B.S., Inc.,196 Conn. 91, 108 (1985). In ruling on the motion, the court is limited to the facts alleged and must construe those facts most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court agrees with the defendant's contention that language which alleges only a breach of contract would not provide a cause of action under CUTPA. The above-cited paragraph 19, however, alleges more.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes Section 42-110b. In determining whether a practice is unfair or deceptive, our Supreme Court has adopted the criteria in the "cigarette rule" of the Federal Trade Commission.
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or CT Page 4335 unscrupulous; (3) whether it causes substantial injury to consumers. [(competitors or other businessmen)].
A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215, (1990). All three of the criteria do not have to be satisfied to support a finding of unfairness. "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242.
In Lembo v. Schlesinger, 15 Conn. App. 150, 153, 155 (1988), a failure to return a deposit given to purchase a condominium after repeated demands was found to qualify as a CUTPA claim. The CUTPA aspects of the award were disallowed only because of an absence of a nexus with a public interest as required by Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528,536-37 (1983) but now no longer necessary due to the 1984 amendment to General Statutes Section 42-110g(a).[1] Likewise in Piscatelli v. Hird, 3 Conn. L. Rptr. 453 (1991), an allegation of the wrongful detention and failure to return the plaintiff's deposit despite several demands was considered to be adequate for a cause of action under CUTPA.
A reading of paragraph 19 demonstrates that it states a cause of action for the wrongful detention of money under an open account that is separate and distinct from the plaintiff's claim of a breach of contract concerning the dials manufactured for OMEGA. In accord with Lembo v. Schlesinger, supra and Piscatelli v. Hird, supra, the court concludes that the language sufficiently sets forth facts that are cognizable under CUTPA. The motion to strike is, therefore, denied.
BARNETT, J.